# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| DAMIONNE M. NICHOLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12-CV-622 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Damionne M. Nichols, a *pro se* prisoner, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2012 conviction in Allen County for possession of a firearm by a serious violent felon. (DE 1.) Pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, the court is obligated to review a habeas petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Because it is apparent Nichols has not yet exhausted his claims in one complete round of state review, the petition will be dismissed without prejudice.

The Indiana Court of Appeals set forth the following facts underlying Nichols's conviction, which are presumed correct under 28 U.S.C. § 2254(e)(1):

> During the afternoon of January 15, 2011, Malcolm Robinson answered a knock at the door of his Fort Wayne home, which he shared with his mother, Mazelle Robinson, and brother, Micah Robinson. Malcolm opened the door to find Nichols standing on the porch. Malcolm noticed that Sheila Robinson, Micah's estranged wife and Nichols's mother, was sitting in Micah's white Oldsmobile Bravada, which was parked in front of the residence. Nichols appeared upset, "[l]ike he wanted to snap, like he wanted to go off on somebody," and demanded to see Micah.
>
> Micah, Mazelle, and Danielle Robinson, Malcolm's sister, who was visiting, all walked out onto the front porch. "[A] lot of loud talking, arguing, [and] disrespect" ensued. During the exchange, all three of the Robinson siblings observed the grip of a gun sticking out of Nichols's waistband. Upon seeing the gun, Danielle telephoned the police.

> Before the police arrived, Keenan Nichols, Nichols's brother, "came and grabbed him off the porch" and convinced Nichols to leave. Nichols, Keenan, and Sheila drove off in the Bravada.
>
> Shortly after police dispatch relayed a description of Nichols and the Bravada, Patrol Sergeant Trent Farrell saw Sheila pull into a gas station parking lot. Officer Farrell observed that she "used the lot illegally to avoid the [traffic] light." Officer Farrell began following the vehicle and confirmed that it was the vehicle for which officers were searching. Officer Farrell initiated a "felony high risk traffic stop" because there was a report that one of the passengers was armed.
>
> Officer Farrell drew his weapon, and as he approached the vehicle, ordered the occupants to put up their hands. Sheila and Keenan, who were in the front of the vehicle, immediately did as Officer Farrell ordered. Nichols, however, "kind of ducked down," and Officer Farrell could see him making "a furtive movement" in the back seat. After Officer Farrell repeated his order, Nichols finally put up his hands.
>
> After back-up officers removed and secured the vehicle's occupants, Officer Farrell approached the vehicle "to visually clear [it] and make sure" no one was hiding in it. He noticed "a gun that was stuck down in the map pocket" on the back of the driver's seat. The gun, a Taurus Millenium 9mm handgun, did not have a magazine in it. Officers placed Nichols under arrest.

*Nichols v. State*, No. A04-1203-CR-133, slip op. at *1-2 (Ind. Ct. App. Sept. 7, 2012) (internal citations omitted). Nichols, who had an "extensive criminal record spanning over a decade," was charged with possession of a firearm by a serious violent felon. *Id.* at *4. A jury found him guilty as charged, and he was sentenced to 16 years in prison. *Id.* at *2.

He appealed, arguing that the gun he possessed was not a "firearm" under Indiana law because it did not have a magazine. *Id.* at *2-3. He also argued that his sentence was excessive under state law. *Id.* at *3-4. On September 7, 2012, the Indiana Court of Appeals affirmed Nichols's conviction and sentence in all respects. *Id.* at *4. He did not seek transfer to the Indiana Supreme Court, nor did he seek review in the U.S. Supreme Court. (DE 1 at 1.)

On October 16, 2012, Nichols filed this federal habeas petition. (DE 1.) He raises four claims: (1) his trial counsel was ineffective on numerous grounds; (2) his Fifth Amendment right against self-incrimination was violated when he was forced to admit he had a prior felony conviction as a condition of testifying; (3) there was insufficient evidence that he possessed the firearm found in the vehicle; and (4) his Sixth Amendment speedy trial rights were violated. (*Id.* at 3-4.) He acknowledges that he has not yet pursued state post-conviction relief or presented any of these claims to the Indiana Supreme Court. (*Id.* at 1, 3-4.)

Nichols's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, however, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted). Here, Nichols acknowledges that he has not yet presented any of his claims to the state courts. (DE 1 at 3-4.) It is apparent that he has an available remedy through the state post-conviction review process that

3

he has not yet pursued. *See* IND. POST-CONV. R. 1 *et seq.* Until Nichols exhausts all available state court remedies, federal habeas relief is unavailable.

Nichols submits a letter along with his petition in which he appears to request that this court allow him to bypass the state post-conviction procedures. (DE 2.) He suggests that it would be pointless for him to pursue state post-conviction relief because he believes the trial court is not likely to rule in his favor. (*Id.*) In rare instances, federal courts may dispense with the exhaustion requirement because inordinate delay in the state proceedings has led to manifest injustice to the petitioner. *Granberry v. Greer*, 481 U.S. 129, 135-36 (1987); *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). There has been no delay of any kind in this case. Nichols's conviction was only recently affirmed on direct appeal, and he has not yet filed a state post-conviction petition. If he is not successful in the trial court, he has two levels of appellate review available. *See* IND. POST-CONV. R. 1(7). He cannot forego his available state court remedies simply because he would prefer to proceed immediately to federal court. Therefore, the petition is subject to dismissal.

The court should consider staying rather than dismissing a habeas petition containing unexhausted claims when the statute of limitations has run or is close to running, such that dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006). There is no danger of that here. Nichols's conviction became final earlier this month when the time expired for him to seek review in the Indiana Supreme Court. *See Gonzalez v. Thayer*, 132 S. Ct. 641, 653-54 (2012) (when a state prisoner does not seek direct review in the state supreme court, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires); *see also* IND. APP. R. 57 (C)

(petition to transfer to the Indiana Supreme Court must be filed within 30 days of appellate court judgment). Nichols has one year from that date to seek federal habeas relief, and the deadline will be tolled during the time he has a properly filed state post-conviction petition pending. 28 U.S.C. § 2244(d)(1), (2). If he acts diligently, he should have no difficulty returning to federal court once he completes the state post-conviction review process. Therefore, the petition will be dismissed, but the dismissal will be without prejudice to Nichols's right to file a new petition after the state proceedings have concluded.

For these reasons, the petition (DE 1) is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** on October 29, 2012.

 s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division